UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JULIUS M. GLADNEY,<br><br>　　　　　　Defendant. | No. CR-05-6023-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL |

**BEFORE THE COURT** is Defendant's motion for judgment of acquittal (Ct. Re. 94). Defendant is represented by Nicholas Marchi. Plaintiff is represented by Assistant United States Attorney Robert Ellis.

**I.  PROCEDURAL HISTORY**

Counts I through III of the Superseding Indictment charged the Defendant with knowingly and intentionally distributing over 5 grams of a mixture of substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). On June 1, 2006, a jury found the Defendant guilty of all counts. The Defendant now moves for a judgment of acquittal on the basis that there was insufficient evidence to support his convictions.

**II.  BACKGROUND**

The following summary of facts is provided for background purposes only. On July 1, 2005, the Government's confidential sources, Mr. Grisby and Miss. Meredith, arranged to meet the Defendant

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL  - 1

at his barbershop in Pasco, Washington, to buy cocaine.  Mr. Grisby and Miss. Meredith arrived at the barbershop at approximately 3:00 p.m.  During the next two hours, Mr. Grisby and Miss. Meredith entered and exited the barbershop several times and Mr. Grisby got his hair cut.  Mr. Grisby and Miss. Meredith testified they were waiting for the barbershop to empty.  While they were waiting, they had conversations with several individuals in vehicles who gathered in the parking lot outside the barbershop.  During this time, Mr. Grisby and Miss. Meredith also walked down the street to a convenience store.  While Mr. Grisby entered the store for approximately ten minutes, Miss. Meredith remained outside on the street and placed a phone call on her cell phone.  At approximately 5:00 p.m., Mr. Grisby and Miss. Meredith entered the barbershop for the final time.  Mr. Grisby testified he met the Defendant in the back room of the barbershop and gave the Defendant $400 in exchange for 4.7 grams of cocaine base.  Although Miss. Meredith remained in the front of the barbershop during this transaction and was not able to see what took place in the back room, she testified that a third person was also present and that the men remained in the back room for approximately 10 or 15 minutes.

On July 6, 2005, Mr. Grisby arranged to meet the Defendant to buy more cocaine.  After communicating with the Defendant by phone, Mr. Grisby and Miss. Meredith met the Defendant at a residence.  Shortly after they entered the residence, an unidentified male also entered the residence.  Mr. Grisby testified he gave the Defendant $650 in exchange for what later tested as 9.4 grams of cocaine.  Mr. Grisby and Miss. Meredith both testified that the exchange took place in the

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL   - 2

kitchen and that the unidentified male was also present in the kitchen.  While the transaction took place, Miss. Meredith was sitting in the living room.  She could not hear the conversation, but she testified she saw the Defendant hand Mr. Grisby "something" and then Mr. Grisby gave the Defendant money.  The government agents who were conducting surveillance outside the residence testified that Mr. Grisby and Miss. Meredith exited the residence approximately five minutes after the unidentified male exited the residence.

On July 19, 2005, after communicating by phone, Mr. Grisby and Miss. Meredith met the Defendant at a different residence.  Mr. Grisby testified he exchanged money with the Defendant for cocaine.  The agents testified Mr. Grisby paid the Defendant $650 for 9.2 grams of cocaine base.  Miss. Meredith testified she saw the Defendant hand Mr. Grisby "something" and Mr. Grisby then handed money to the Defendant.

**III. ANALYSIS**

On a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c), the Court reviews the sufficiency of all the evidence presented at trial in the light most favorable to the government.  *United States v. Alston*, 974 F.2d 1206, 1210 (9th Cir. 1992).  A motion for judgment of acquittal must be denied "if, viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).  To sustain a conviction for distribution of cocaine base, the government must prove

the Defendant (1) knowingly delivered 5 grams or more of a substance containing a detectable amount of cocaine base and (2) he knew the substance was cocaine base or some other prohibited drug.

Defendant first argues there was insufficient evidence to support the jury's verdict because there was no evidence submitted showing he knew the substance delivered was cocaine or a prohibited drug. Specifically, Defendant points to the absence of any fingerprint evidence. The Government argues the Defendant had to know he was selling a controlled substance because he received several hundred dollars for only a few grams of a white substance. This, the Government argues, is indicative of a narcotics transaction and sufficient evidence from which the jury could infer knowledge.

"Circumstantial evidence may prove knowledge or intent in cases involving possession or importation of large quantities of narcotics." *United States v. Barbosa*, 906 F.2d 1366, 1368 (9th Cir. 1990) (citing cases). "[M]ere possession of a substantial quantity of narcotics is sufficient to support an inference that a defendant knowingly possessed the narcotics." *Id.*; *see e.g., United States v. Collins*, 764 F.2d 647, 652 (holding defendant's shipment containing eight and one-half pounds of cocaine sufficient to support inference that defendant knowingly possessed the narcotics); *United States v. Guzman*, 446 F.2d 1137, 1139 (9th Cir. 1971) (evidence of possession of contraband "serves as a substantial basis to draw an inference of ... knowledge."); *cf. United States v. Walitwarangkul*, 808 F.2d 1352, 1354 (9th Cir. 1987) (holding defendant's actual possession of suitcase containing over one kilogram of heroin adequate to support conviction

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL  - 4

when coupled with other circumstantial evidence).

Here, the drug quantities exchanged may not be "substantial" enough to independently support an inference that the Defendant knew the substance was a prohibited drug. The Defendant's knowledge, however, may be inferred from the additional circumstantial evidence that he received hundreds of dollars for the small amount of white substance he sold to Mr. Grisby and the circumstances surrounding those three different transactions. The Court concludes the Government presented sufficient evidence from which the jury could infer the Defendant knew the substance he was selling was cocaine or some other prohibited drug.

Next, Defendant argues there was insufficient evidence to support the jury's verdict because the only evidence supporting his convictions was the testimony of Mr. Grisby and Miss. Meredith, the Government's confidential sources. The Defendant contends their testimony was not credible and therefore insufficient to support his conviction. The Defendant relies on *United States v. Earl*, 27 F.3d 423, 425 (9th Cir. 1994), which held that the uncorroborated testimony of a paid informant is insufficient to prove constructive possession if it is "incredible or insubstantial."

In *Earl*, the Ninth Circuit reversed the defendant's conviction for possession of cocaine with intent to deliver because it was based entirely on a paid informant's testimony that lacked substantiality. Although the court noted the paid informant's testimony was "replete with contradictory statements" and therefore lacked credibility, the court rested its decision on the informant's "lack of substantiality"

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL  - 5

rather than lack of credibility.[1]  *Id.*  Here, the Defendant argues only that Mr. Grisby and Miss. Meredith were incredible, not that their testimony was insubstantial.

Defendant summarily argues the testimony of Mr. Grisby and Miss. Meredith was incredible, but Defendant does not provide any examples from the record and does not point to any specific contradictions in their testimony.  Most of Mr. Grisby's testimony was corroborated by Miss. Meredith and independent surveillance by the Government.  With respect to the transactions occurring on July 6, 2005, and July 19, 2005 (Counts II and III), Miss. Meredith testified that she personally witnessed the exchanges between the Defendant and Mr. Grisby.  The Court cannot say the testimony of Mr. Grisby and Miss. Meredith was incredible on its face.

It is the province of the trier of fact "to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts."  *United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir. 1987).  Here, as the trier of fact, the jury had the opportunity to hear all the evidence and to consider defense counsel's interpretation of it.  Despite defense counsel's attempt to impeach Mr. Grisby and Miss. Meredith, the jury found their testimony credible.  Viewing the evidence as a whole and in the light most

---

[1] In *Earl*, DEA agents found the defendant inside a residence containing drugs, drug paraphernalia, and weapons and an informant testified that the defendant stayed at the residence and that he was known as the "crime king."  27 F.3d at 425.  The Ninth Circuit held this evidence was insufficient to show the defendant was the owner or occupant of the residence in question or he was otherwise in constructive possession of the drugs seized.  *Id.*

Case 2:05-cr-06023-FVS    Document 98    Filed 07/27/06

favorable to the Government, the Court concludes a rational trier of fact could have found the Defendant guilty of all three counts of distribution.  The Government produced sufficient evidence that, if accepted by the jury, would have proved the elements of the offense beyond a reasonable doubt.  Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion for Judgment of Acquittal (**Ct. Rec. 94**) is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 27th day of July, 2006.

*s/ Fred Van Sickle*
Fred Van Sickle
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL  - 7