UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Respondent,<br><br>     v.<br><br>JULIUS M. GLADNEY,<br><br>                    Petitioner. | No. CR-05-6023-FVS<br>    CV-09-5024-FVS<br><br>ORDER DENYING PETITIONER'S<br>SECTION 2255 MOTION |

**THIS MATTER** came before the Court on Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Ct. Rec. 151). Petitioner is proceeding pro se. Respondent is represented by Robert A. Elllis.

**BACKGROUND**

On September 13, 2005, Petitioner was charged by superseding indictment with distributing over 5 grams of cocaine base on three separate occasions: July 1, 2005 (Count 1), July 6, 2005 (Count 2), and July 19, 2005 (Count 3). (Ct. Rec. 7). A jury trial commenced on May 30, 2006. (Ct. Rec. 82). On June 1, 2006, the jury returned a verdict of guilty as to all three counts. (Ct. Rec. 89). The Court sentenced Petitioner, on November 30, 2006, to a term of 97 months on Count 1, 120 months on Count 2 and 120 months on Count 3, all to run concurrently. (Ct. Rec. 121). Judgment was entered on December 5, 2006. (Ct. Rec. 122).

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 1

Defendant filed a Notice of Appeal on December 7, 2006. (Ct. Rec. 124). On February 28, 2008, the Ninth Circuit Court of Appeals affirmed the decision of the District Court. (Ct. Rec. 149). Defendant thereafter filed a writ of certiorari with the United States Supreme Court, which was denied on May 12, 2008. *Gladney v. United States*, 128 S.Ct. 2464 (2008).

On April 13, 2009, Defendant filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2255." (Ct. Rec. 151). The government filed its response on August 19, 2009 (Ct. Rec. 157), and Petitioner's reply was received on August 26, 2009 (Ct. Rec. 161). On August 19, 2009, the government also filed a motion for judgment on the pleadings with respect to the instant petition. (Ct. Rec. 158).

**DISCUSSION**

**I. Legal Standard**

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether Petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the Petitioner. *United States v. Taylor*, 648 F.2d 565, 573

(9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

Because the Court finds that the evidence in this case is conclusive against Petitioner (*see infra*), the Court also finds that an evidentiary hearing on the motion to vacate is not necessary. Petitioner's request in this regard (Ct. Rec. 151 at 9-10) is therefore denied.

**II. Issues Presented**

Petitioner presents the following grounds for relief pursuant to 28 U.S.C. § 2255:

 1. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

 3. PROSECUTORIAL MISCONDUCT

 3. COLLUSION

(Ct. Rec. 151).

**III. Analysis**

 **A. Ineffective Assistance of Counsel**

Petitioner argues that his trial counsel rendered ineffective assistance by failing to "investigate, or call witnesses in defense or to otherwise produce any available exculpatory evidence." (Ct. Rec. 151). Petitioner argues that his trial counsel was not prepared for trial as there were "alibi witnesses" Petitioner's attorney failed to call in his defense.

In reviewing a claim of ineffective assistance of counsel, the Court applies a two-part test: "First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense." *United States v. Recio*, 371 F.3d 1093, 1109 (9th Cir. 2004) (quoting *Strickland v.*

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 3

*Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Under the first element, the Court must examine "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065. This requires the Court to analyze counsel's performance with some deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066. Counsel's performance is not ineffective unless it fails to meet an objective standard of reasonableness under prevailing professional norms. *Id.* at 688, 104 S.Ct. at 2065.

Under the second element, it must be shown "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Recio*, 371 F.3d at 1109 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* (citation omitted). Rather, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

///
///

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 4

**1.    Reasonable Performance**

Petitioner claims that his trial counsel was ineffective because he failed to introduce impeachment testimony critical to his defense. Petitioner claims that his counsel failed to interview witnesses, investigate, and locate and call alibi witnesses on his behalf. Petitioner claims there were many witnesses that should have been called, including individuals specifically named in Petitioner's reply brief.  (Ct. Rec. 161).

However, Petitioner's argument lacks a specific allegation which, if true, would entitle him to relief. *See United States v. Hearst,* 638 F.2d 1190, 1194-95 (9th Cir. 1980), *cert. denied,* 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981) (A petitioner must make specific factual allegations which, if true, would entitle him to relief). From Petitioner's assertions, it is not clear what, if anything, the named individuals would have offered that would have been valuable to his defense.

In any event, the record demonstrates that Petitioner's trial counsel did not fail to investigate or prepare for trial as alleged by Petitioner.  Petitioner's counsel was clearly aware of the presence of others at the scene of the drug transactions and exploited the presence of such individuals as possible alternative theories for how the CIs obtained the cocaine.  For example, during cross-examination of Detective Bradford Gregory, defense counsel inquired about the presence of a "Hispanic male" during the July 1 and July 6 buys; during cross-examination of Sergeant Randal Roach, defense counsel inquired about the presence of "several individuals going in and out" of the barbershop, the interaction of the CIs with Godfrey Davis (a

convicted drug felon), the contact made between the CIs and a vehicle in the parking lot, and the contact between the CIs and "another unidentified individual standing on the street" during the July 1 buy; during cross-examination of Detective B.J. Moos, defense counsel inquired about the presence of a "light skinned black male or Hispanic" during the July 6 buy; during cross-examination of Deputy Craig Cole, defense counsel inquired about the presence of "quite a few individuals" at the July 1 buy and the presence of a "black male" at the July 6 buy; during cross-examination of CI Henry Grisby, defense counsel inquired about the presence of Godfrey Davis, the presence of a "light skinned black male or Hispanic," and the presence of "other people" at the July 1 buy as well as the presence of a "light skinned black male or Hispanic" at the July 6 buy; and during cross-examination of CI Holli Meredith, defense counsel inquired about whether CI Grisby had contact with "a lot of people in front of the store" and the presence of a "Hispanic male" in the backroom of the barbershop during the July 1 buy as well as the presence of the same "Hispanic male" at the apartment during the July 6 buy. (Trial Tr. 41-134). Furthermore, at the October 25, 2006, hearing on Petitioner's motions for a new trial and for release from custody, Petitioner's trial counsel addressed the Court stating "[i]f the court remembers, there is this phantom Hispanic male who is always at these deals, who was always present during the first one, second one, and I believe the third one. And it has always been our position that it was not [Petitioner] who did these sales, it was that individual who met with Grisby." (Mot. Hr'g Tr. 12). Contrary to Petitioner's assertions, his trial counsel was aware of the presence of others at

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 6

the buys and crafted the defense of Petitioner by exploiting the presence of such individuals.

The decision to not call these individuals as witnesses was likely a strategic choice by Petitioner's defense counsel. *United States v. Sanchez-Cervantes*, 282 F.3d 644, 672 (9th Cir. 2002) (the court should not "second-guess" an attorney's tactical decisions"); *Strickland*, 466 U.S. at 690 (strategic choices made after a thorough investigation of the relevant law and facts "are virtually unchallengeable"). "Tactical decisions that are not objectively unreasonable do not constitute ineffective assistance of counsel." *Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995). Petitioner's trial counsel may have decided to not call any of the individuals identified by Petitioner based upon witness unavailability, credibility issues, or the possibility that the witness would say something unfavorable to the defense. It could be that none of these individuals had valuable testimony to give. These concerns are entirely reasonable.

Although defendants have a Sixth Amendment right to "reasonably effective" legal assistance, *Strickland*, 466 U.S. at 687, there is no Constitutional right to "successful" assistance of counsel. While Petitioner asserts that he received ineffective assistance because "for trial counsel to permit a conviction based on the paltry evidence herein shows failure of trial counsel to do witness interviews, investigation and trial preparation" (Ct. Rec. 151 at 6), it is apparent, based on the foregoing, that counsel's performance was reasonable under prevailing professional norms. *Strickland*, 466 U.S. at 688. Petitioner's representation was not deficient.

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 7

### 2. Prejudice to Defense

In any event, Petitioner is not able to demonstrate his counsel's performance was prejudicial.

Again, Petitioner has not made specific factual allegations as to his ineffective assistance of counsel claim. While Petitioner asserts that "alibi witnesses" would have shown that he did not provide the cocaine to the CIs, Petitioner's assertions fail to identify what the individual "alibi witnesses" would have specifically contributed to his defense.

Petitioner argued in a similar vein at the October 25, 2006, hearing on Petitioner's motions for a new trial and for release from custody. Petitioner claimed that the declaration of Mr. Grisby's mother, Juanita Grisby, refuted the CI's testimony that Petitioner had provided him with cocaine. In that context, the Court indicated that "there are two witnesses, Mr. Grisby and Miss Meredith who did testify concerning the events that were the subject of the charges, and they were cross-examined and sought to be impeached significantly by counsel. . . . I don't believe that a new trial would probably result in acquittal as to the charges involved." (Mot. Hr'g Tr. 15-16). The Ninth Circuit affirmed the Court's ruling in this regard. *United States v. Gladney*, 265 Fed. Appx. 681, 683 (9th Cir. 2008). The Ninth Circuit held that "Grisby's testimony was not the only evidence presented to establish the elements of the offense. Meredith and five officers involved in the transactions testified, and the government presented exhibits such as the cocaine purchased by Grisby . . . . Grisby's evidence was not uncorroborated, and it did not provide 'the only evidence of an essential element of the government's case.'" *Id*.

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 8

Both this Court and the Ninth Circuit have determined that substantial evidence supported the jury's finding of guilt in this case.

Based on the foregoing, it is apparent that Petitioner's representation was neither deficient, nor did it result in prejudice to Petitioner. Not only has Petitioner not provided a specific allegation as to what the individual "alibi witnesses" would provide, it is also clear that Petitioner's trial counsel was aware of the presence of others at the buys and used the presence of these individuals to create alternative theories for how the CIs obtained the cocaine. This trial strategy, as opposed to having these individuals testify, is reasonable. In addition, because substantial evidence existed upon which the jury could have relied in finding Petitioner guilty, Petitioner is not able to show prejudice from any alleged failures of counsel. Accordingly, Petitioner's ineffective assistance of counsel claim is denied.

**B. Prosecutorial Misconduct**

Petitioner contends that the government's attorney knowingly presented false evidence to obtain his conviction at trial. (Ct. Rec. 151). Petitioner's claim in this regard is based upon the declaration of Mr. Grisby's mother, Juanita Grisby, which relates that Mr. Grisby's trial testimony was false.

The government must not knowingly present false evidence to the Court. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). To prevail on a *Napue* claim, Petitioner must demonstrate "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material." *United States v. Zuno-Arce*, 339 F.3d 886,

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 9

889 (9th Cir. 2003).

### 1. False Testimony

Petitioner has not demonstrated that Mr. Grisby's trial testimony was false. All that has been presented is a third-party allegation that Mr. Grisby fabricated his testimony at trial. While the third party is Mr. Grisby's mother, this Court has already considered and rejected the argument that her declaration demonstrates Mr. Grisby's testimony was false. (Mot. Hr'g Tr. 15-16). As indicated above, Mr. Grisby's trial testimony is supported by substantial evidence.

### 2. Prosecution Knowledge

Petitioner has also not established that the prosecutor knew the testimony was false. Juanita Grisby' declaration, even if true, does not provide a basis for a finding that the prosecutor **knew** Mr. Grisby was lying during trial. *Morales v. Woodford*, 388 F.3d 1159, 1178-1179 (9th Cir. 2004) (recantation by trial witness insufficient where movant did not set out a factual basis for attributing any knowing presentation of perjury by the government). Even if Mr. Grisby's testimony was false, Petitioner has failed to make a showing that the prosecutor knew it was false.

### 3. False Testimony was Material

Even if Petitioner was able to show that Mr. Grisby's testimony was false and that the prosecutor knew it was false, Petitioner is still not able to show that it was "material." In assessing the materiality of the alleged false testimony, the Court must "determine whether there is 'any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (citation omitted).

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 10

As noted above, the Ninth Circuit found that, "Grisby's testimony was not the only evidence presented to establish the elements of the offense. Meredith and five officers involved in the transactions testified, and the government presented exhibits such as the cocaine purchased by Grisby . . . . Grisby's evidence was not uncorroborated, and it did not provide 'the only evidence of an essential element of the government's case.'" *Gladney*, 265 Fed. Appx. at 683. Accordingly, the guilty verdict in this case was not based solely on Mr. Grisby's testimony; substantial evidence supported the jury's finding of guilt. Since the government had a strong case even absent Mr. Grisby's testimony, the testimony was not material.

Because Petitioner is not able to satisfy any prong of the *Zuno-Arce* test, he has failed to establish a *Napue* claim. The Court finds that Petitioner has failed to demonstrate that the government knowingly presented false material evidence to the Court.

**C.   Collusion**

Petitioner also asserts that his trial counsel and counsel for the government agreed to conceal exculpatory evidence and agreed that trial counsel would coerce Petitioner into not testifying. (Ct. Rec. 151). Petitioner also alleges that the attorneys each knew that two witnesses had fabricated the evidence which lead to Petitioner's arrest for distributing cocaine base. Petitioner claims his allegations in this regard are supported by Juanita Grisby's declaration.

Petitioner has provided nothing, other than his conclusory claim, to support the assertion that his trial counsel and counsel for the government agreed to prevent exculpatory evidence from being

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 11

introduced at trial.  While Petitioner claims that he was "coerced into" not testifying on his own behalf, Petitioner's declaration indicates that he "listened to" counsel's advice in this regard. Moreover, Juanita Grisby's declaration simply does not demonstrate that the prosecution knew that Mr. Grisby was providing false testimony during trial.  Juanita Grisby's declaration provides no basis to believe that the government or defense counsel knew of the allegations contained in that declaration before they were brought forward at the October 25, 2006, hearing on Petitioner's motions. Petitioner has failed to establish collusion between counsel.

**RULING**

The Court being fully advised, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (**Ct. Rec. 151**) is **DENIED**.

2. The government's motion for judgment on the pleadings (**Ct. Rec. 158**) is **GRANTED**.

3. The District Court Executive is directed to enter judgment in favor of Respondent and **CLOSE** this case as well as the corresponding civil case:  **CV-09-5024-FVS.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to Petitioner and to counsel.

**DATED** this ___1st___ day of October, 2009.

                                S/Fred Van Sickle
                                Fred Van Sickle
                    Senior United States District Judge

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 12