UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>JULIUS M. GLADNEY,<br><br>           Defendant. | No. CR-05-6023-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 18 U.S.C. § 3582 FOR MODIFICATION OF SENTENCE |

   **THIS MATTER** came before the Court on Defendant's motion under 18 U.S.C. § 3582(c)(2) to modify his sentence. Defendant is proceeding pro se. Plaintiff is represented by the Office of the United States Attorney.

   **BACKGROUND**

   On September 13, 2005, Petitioner was charged by superseding indictment with distributing over 5 grams of cocaine base on three separate occasions: July 1, 2005 (Count 1), July 6, 2005 (Count 2), and July 19, 2005 (Count 3). (ECF No. 7). A jury trial commenced on May 30, 2006. (ECF No. 82). On June 1, 2006, the jury returned a verdict of guilty as to all three counts. (ECF No. 89). On November 30, 2006, the Court sentenced Petitioner to a term of 97 months on Count 1, 120 months on Count 2, and 120 months on Count 3, all to run concurrently. (ECF No. 121). Judgment was entered on December 5, 2006. (ECF No. 122).

   **DISCUSSION**

   Defendant requests a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based upon a recent decision by the United States

ORDER DENYING DEFENDANT'S MOTION . . . - 1

Supreme Court, *Dorsey v. United States*, 132 S.Ct. 2321 (June 21, 2012).

18 U.S.C. § 3582(c)(2), the statutory basis for Defendant's motion, provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The language of § 3582(c)(2) provides the Court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered. Given that Defendant was sentenced pursuant to a statute, and not under the United States Sentencing Guidelines, there was no "sentencing range" which could be subsequently lowered by the Sentencing Commission. Consequently, Section 3582(c)(2) does not confer jurisdiction on this Court to modify Defendant's sentence. *U.S. v. Jackson*, 577 F.3d 1032, 1035-1036 (9th Cir. 2009) (a defendant sentenced pursuant to a mandatory minimum, and not a sentencing guideline range, is ineligible for a sentence reduction under Section 3582(c)(2)).

In any event, the Supreme Court in *Dorsey* held that the more lenient penalties of the Fair Sentencing Act of 2010, which reduced the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1,[1]

---

[1] In 2010, Congress enacted the Fair Sentencing Act into law. The Fair Sentencing Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses. The change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1. The Fair Sentencing Act took effect on August 3, 2010.

ORDER DENYING DEFENDANT'S MOTION . . . . - 2

applied to offenders who committed a crack cocaine crime before the effective date of the Act, August 3, 2010, but who were sentenced after that date.  Defendant was sentenced on November 30, 2006, well before the effective date of the Fair Sentencing Act of 2010.  Accordingly, *Dorsey* does not apply to Defendant.

Defendant is serving a statutory mandatory minimum sentence.  A reduction of Defendant's sentence is thus not authorized under Section 3582(c)(2).  Moreover, the *Dorsey* decision, the basis for Defendant's motion, is inapplicable to Defendant because it addresses only those crack cocaine offenders who were sentenced after August 3, 2010.  Defendant's motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2) (**ECF No. 174**) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to Defendant and to counsel for the United States.

**DATED** this ___27th___ day of July, 2012.

                              S/Fred Van Sickle
                              Fred Van Sickle
                    Senior United States District Judge

---

The Commission promulgated conforming emergency Guidelines amendments that became effective on November 1, 2010.  75 Fed.Reg. 66188 (2010).  A permanent version of those Guidelines amendments took effect on November 1, 2011.  *Dorsey*, 132 S.Ct. at 2329.

ORDER DENYING DEFENDANT'S MOTION . . . - 3